BRYAR et al. v. CAMPBELL.

(Circuit Court of Appeals, Third Circuit. December 5, 1898.)

ABATEMENT—DISMISSAL FOR ABANDONMENT—JUDGMENT IN SECOND ACTION.

Pending an appeal in a suit in equity to enforce a conveyance of lands, the commencement by the plaintiff of an action of ejectment against the defendant to recover the same lands, and the rendition of a verdict and judgment therein adverse to the plaintiff, may properly be treated by the appellate court as an abandonment of the equity suit, or as a conclusive adjudication against the plaintiff of the facts on which the case rests, either of which will justify a dismissal of the bill.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit in equity.

L. E. Barton and Edward Campbell, for appellants.
Wm. B. Rodgers, for appellee.

Before DALLAS, Circuit Judge, and BUTLER and KIRKPATRICK, District Judges.

BUTLER, District Judge.   In January, 1877, James Bryar was declared a bankrupt; and soon thereafter certain land to which he had title was offered for sale by his assignee.   His wife, Jane Bryar, thereupon petitioned the district court for an order to restrain the sale, averring that the property was hers; the deed for the same having been made to her husband by mistake.   While the application was pending the assignee sold the land to Campbell.   Subsequently (June 29, 1878) Campbell was brought in as a defendant; and later (June, 1879) the petition was amended by inserting a prayer for conveyance of the land by Campbell to the petitioner. Thus the proceeding became substantially a suit between Mrs. Bryar and Campbell, for the property in controversy.   Subsequently the court adjudged it to her, and decreed that Campbell convey accordingly.   July 16, 1879, the latter appealed to the circuit court. While the appeal was pending the land was sold under a mortgage executed by James Bryar October 2, 1874, and purchased by William Rogers, who conveyed to Campbell.   In 1880 Mrs. Bryar brought an action of ejectment against Campbell; and on the trial a verdict was rendered against her, and judgment entered accordingly.   January 28, 1896, the plaintiff moved the court to dismiss the appeal (for imperfection) which motion the court refused. With these facts appearing on the record the appeal came to hearing in 1897, and the bill was dismissed.   78 Fed. 657.   The refusal to strike off the appeal, and the dismissal of the bill, constitute the errors assigned.

The case is extraordinary; but in any view that can be taken of it, the action of the circuit court (in both respects complained of) must be affirmed.   Granting that the district court had jurisdiction to enter the decree (which may well be doubted, to say the least) and that the circuit court had authority to do more than reverse, and dismiss the bill, for want of such jurisdiction, its refusal of the motion, and dismissal of the bill on the merits, must be affirmed; because, first, the suit at law must be treated as an abandonment of the proceeding in equity, and second (if not) the verdict of the jury must be regarded as a conclusive finding of the facts, on which the plaintiff's case rests, against her.

The decree is therefore affirmed.